IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-00024-01-CR-W-HFS |
| | ) | |
| JEFFREY K. WILSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**REVISED MEMORANDUM AND ORDER**

Sentencing has been recessed in this fraud case involving Government set-aside contracts intended to give preference to service-disabled veterans. There is a need to resolve a significant conflict, noted in the Presentence Report (Doc. 41) as to the extent of "loss" where "the offense involved fraudulently being awarded $13,765,334 in construction contracts." The Probation Office recommended a 20 point increase in the offense level, based on the total value of the contracts, without crediting expense of performance, the "value of services rendered." Responding to defendant's objection the Government acknowledged a conflict between two district court rulings, and no pertinent appellate consideration of the allegedly controlling statute. See United States v. Crummy, 249 F.Supp.3d 475

1

(D.D.C. 2017) and United States v. Singh, 195 F.Supp.3d 25 (D.D.C. 2016), both dealing with 15 U.S.C. § 632(w)(1). The subsection, adopted in the Small Business Jobs Act of 2010 provides that in set-aside fraud cases "there shall be a presumption of loss to the United States based on the total amount expended on the contract …"

Crummy used a rebuttable presumption theory, allowing deduction of value conferred. Singh, cited by but not followed in Crummy, relied on regulations issued by the Small Business Administration, confining rebuttal information to "unintentional errors, technical malfunctions, and other similar situations …" Unless trumped by the regulation, Crummy concludes that the Sentencing Guidelines favor the offset claimed, being persuaded by United States v. Harris, 821 F.3d 589 (5th Cir. 2016). In this respect I agree with Harris and Crummy, and believe discussion beyond what is said in those cases would not be useful.

But the Government correctly argues that any statutes conflicting with the Guidelines control. I doubt, however, that administrative regulations by the SBA would defeat the Sentencing Commission's Guidelines. One may suppose that the Sentencing Commission has been aware of the issue and has not amended the Guidelines.

2

The most significant statutory provision to me is 15 U.S.C. § 632 (w)(4), which states, "The Administrator shall promulgate regulations to provide adequate protections to individuals and business concerns from <u>liability under this subsection</u> in cases of unintentional errors, technical malfunctions, and other similar situations," (Quoted in <u>A1 Procurement, LLC v. Hendry Corp.</u>, 2013 WL 12065531 (S.D.Fla)) (emphasis added). At first glance this supports <u>Singh</u>, but there are problems. Congress has not gone beyond announcing a rebuttable presumption, which <u>Crummy</u> uses. Most significantly, the provision deals with "liability" issues, which seems to confine the whole subsection to civil proceedings under the False Claims Act, as defense counsel argued in <u>Crummy</u>, 219 F.Supp.3d at 480. Without deciding that question, the <u>Crummy</u> opinion observed that the presumed loss issue, as defined by statute, "is best interpreted as setting the relevant baseline for the loss calculation in Section 8(a) contract fraud cases …" <u>Id</u>. at 486. It has been used in a number of civil cases but apparently almost never in criminal case sentencing.

The alternative reading, as used in <u>Crummy</u>, would be to assume that the open-ended presumption of loss does apply in criminal cases, but can be rebutted, as in <u>Crummy</u>, and under the Guidelines, by showing a defendant's cost in performance or benefit conferred. The related narrowing of rebuttal

3

opportunity that Congress delegated to the Small Business Administration was explicitly applicable only to the False Claims Act, 31 U.S.C. § 3729 et seq. In addition to the "liability" language in the legislation (pointing to a damage suit) the regulation specifically refers to the False Claims Act alone as a source of such liability. 13 CFR § 121.108(d).  My preference is with the argument of defense counsel in <u>Crummy</u>, that "§ 632(w) (1) is not about sentencing at all." 249 F.Supp.3d at 485 fn. 3.

    I am aware that in the SBA Regulations in 2013, and in a Congressional report there is advocacy for use of the full award value across the board, including criminal cases, but no one in Congress advocated or mentioned that proposition. I decide this case based on my reading of statutory language and the Guidelines, rather than opining on what would be the better rule. It may be noted, however, that the Government seems to urge charging up the hill and then retreating to lower ground. In this and other cases, the Government urges a sentence drastically below what its calculation would call for. This comment is not intended to criticize the ultimate recommendation by the Government in this case, which is for 18 months of prison subject to my approval, especially after noting that the civil action claim was settled for $2.1 million, and the recommendation is somewhat closer to the Guideline range, conservatively calculated.

4

The real monetary loser would be the unknown intended beneficiary of the set-aside legislation, which presumably might have made a profit comparable to the $609,000 received by the fraudulent-status bidder or even the total profit of $1.8 million received by it and defendant's company as the collusive subcontractor.

For sentencing purposes, therefore, I sustain defendant's objection to a 20 level increase to the Basic Offense Level and will increase the Offense Level by the more conservative enhancement of 14 (more than $550,000 and less than $1.5 million). The sentencing hearing may be promptly rescheduled. SO ORDERED.

Dated: August 3, 2018          */s/ Howard F. Sachs* .
United States District Judge
Howard F. Sachs